UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
JUL 23 2019

| | |
|---|---|
| MAKAYLA KILLS IN WATER,<br><br>                    Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | 1:19-CV-01016-CBK<br><br>OPINION AND ORDER DENYING<br>MOTION TO VACATE<br>AND<br>ORDER DENYING A<br>CERTIFICATE OF APPEALABILITY |

Petitioner pleaded guilty to a superseding information charging assault resulting in serious bodily arising out of petitioner shaking her two-year-old stepdaughter. She was sentenced on July 11, 2016, to the statutory maximum sentence of 120 months custody. She filed a notice of appeal contending I erred in sentencing her above the jointly recommended seven-year sentence set forth in the plea agreement. The United States Court of Appeals for the Eighth Circuit affirmed. United States v. Kills In Water, 2017 WL 1521542, 684 Fed. Appx. 585.

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner contends that she received ineffective assistance of counsel because counsel failed to file a notice of appeal on her behalf. She contends that her motion to vacate is authorized notwithstanding her waiver of appeal rights in the plea agreement, citing Garza v. Idaho, ___ U.S. ___, 139 S.Ct. 738, 203 L.Ed.2d 77 (February 27, 2019).

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### DECISION

Petitioner's motion to vacate must be denied for a number of legal infirmaries. First, the record is clear that counsel did file a notice of appeal on her behalf and the Court of Appeals fully considered her appeal. No evidentiary hearing is necessary and

the motion may be summary denied where the allegations of the motion cannot be accepted as true because they are contradicted by the record. Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

Second, the motion to vacate is untimely. Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 28 U.S.C. § 2255, a motion to vacate must generally be filed within one year of the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). In petitioner's case, the conviction became final on August 23, 2017, which is 90 days after the issuance of the mandate from the Eighth Circuit. Any motion to vacate must have been filed on or before August 22, 2018. Petitioner's motion to vacate is untimely.

Third, the Supreme Court's decision in Garza v. Idaho does not apply to petitioner's case. Garza held that, notwithstanding the existence of an appeal waiver in a plea agreement, counsel is deficient for failing to file a notice of appeal when directed by a defendant. Garza v. Idaho, 139 S. Ct. at 747. Counsel did file an appeal as required. Further, the Supreme Court in Garza v. Idaho did not recognize a new right made retroactively applicable to cases on collateral review as required by 28 U.S.C. § 2255(f)(3) to toll the limitations period.

## ORDER

Summary dismissal is appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

**IT IS ORDERED that** petitioner's motion, Doc. 1, to vacate, set aside, or correct her conviction and sentence pursuant to 28 U.S.C. § 2255 is denied.

**TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:**

Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence of 120 months custody for the crime of assault resulting in serious bodily injury. She raised a claim of ineffective assistance of counsel in failing to file a notice of appeal.

Counsel did in fact timely file a notice of appeal from the sentence imposed and that appeal was fully considered by the Eighth Circuit Court of Appeals.

Pursuant to 28 U.S.C. § 2253(c)(1), an appeal from an order denying a motion to vacate may not be taken unless a judge issues a certificate of appealability. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 23rd of July, 2019.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge